### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

UNITED STATES,
*Plaintiff,*

v.

ELIO DELIMA,
*Defendant.*

No. 3:15-cr-120-9 (VAB)

### RULING AND ORDER FOR MOTION FOR SENTENCE REDUCTION

Elio Delima ("Defendant") twice has moved for a modification or reduction of his sentence. Mot., ECF No. 782 (Dec. 18, 2017) ("First Mot."); Mot., ECF No. 788 (Oct. 1, 2018) ("Second Mot.")

For the following reasons, the motions for a sentence reduction are **DENIED**.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On September 19, 2016, Mr. Delima pled guilty to Count One, conspiracy to possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of §§ 841(a)(1), 841(b)(1)(B)(i), and 846. Plea Agreement, ECF No. 489 at 1 (Sept. 19, 2016).

On December 22, 2016, the Court sentenced Mr. Delima to a term of imprisonment of 105 months, a four-year term of supervised release, and a special assessment of $100.00. J., ECF No. 628 (Dec. 22, 2016).

On December 18, 2017, Mr. Delima moved for a reduction of sentence under 18 U.S.C. § 3582. First Mot. at 1.

On October 1, 2018, Mr. Delima again moved for a reduction of sentence under 28 U.S.C. § 2255 and a decision issued by the United States Court of Appeals for the Ninth Circuit interpreting Amendment 794 of the United States Sentencing Guidelines. Second Mot. at 1.

## II.   STANDARD OF REVIEW

### A.  18 U.S.C. § 3582(c)(2)

18 U.S.C. § 3582(c)(2) permits a court to modify a term of imprisonment

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Direct of Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement, U.S.S.G. § 1B1.10, permits a court to reduce a defendant's sentence if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d)" only if "any such reduction in the defendant's term of imprisonment [is] consistent with this policy statement." U.S.S.G. § 1B1.10(a)(1). Subsection (d) includes Amendment 782, which is therefore consistent with the policy statement of section 1B1.10. *See* U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's terms of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if-- (A) None of the amendments listed in subsection (d) is applicable to the defendant; or (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."). Amendment 782 is subject to an additional requirement, which does not permit the

court to reduce a sentence "unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e).

The Supreme Court established a two-step inquiry for motions for a sentence reduction under Section 3582: "(1) whether the defendant is eligible for a reduction pursuant to 18 U.S.C. § 3582(c)(2) and (2) whether a reduction is warranted in light of the factors listed in 18 U.S.C. § 3553(a)." *United States v. Leonard*, 844 F.3d 102, 106 (2d Cir. 2016) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

### B.   28 U.S.C. § 2255

A prisoner may petition a federal court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. A prisoner may challenge the legality of his or her sentence under section 2255 if the sentence was: (1) imposed in violation of the Constitution or laws of the United States; (2) imposed by a court that lacked jurisdiction to sentence the prisoner; (3) in excess of the maximum detention authorized by law; or (4) otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[C]ollateral attack on a final judgment in a criminal case is generally available under [section] 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 589–90 (2d Cir.1996) (citation and internal quotation marks omitted).

Courts shall grant petitioners leave to amend their section 2255 petitions when "justice so requires." Fed. R. Civ. P.15(a)(2); *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) ("Given that motions to amend are not successive habeas petitions, the standard for granting or denying a motion to amend is thus governed by Federal Rule of Civil Procedure 15(a). The application of Rule 15(a) is supported by 28 U.S.C. § 2242, which states that a petition for habeas corpus

'may be amended or supplemented as provided in the rules of procedure applicable to civil actions'[.]'').

The bar for a section 2255 petition is high, and "even constitutional errors will not be redressed through a section 2255 petition unless they have had a 'substantial and injurious effect' that results in 'actual prejudice' to the petitioner." *Wilson v. United States*, No. 3:16-cv-1791 (SRU), 2017 WL 3044652, at *1 (D. Conn. July 18, 2017) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

A "federal prisoner may not use a section 2255 petition to relitigate questions that were expressly or impliedly resolved during a direct appeal, absent 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (quoting *United States v. Becker*, 502 F.3d 122, 127 (2d Cir. 2013)).

Challenges under section 2255 also must be timely. They must be filed within one year of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Even a timely filed challenge may be barred if a petitioner "knowingly, voluntarily, and competently" waived his or her appeal rights before or at sentencing. *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000). The Second Circuit has generally recognized the enforceability of appeal waivers, but will grant exceptions in narrow circumstances. *See id.* at 318–19 ("When upholding the validity of these waivers, we have recognized that the benefits of

such waivers inure to both government and the defendant alike, with the government receiving the benefit of reduced litigation, and the defendant receiving some certainty with respect to his liability and punishment. . . . The[ ] exceptions to the presumption of the enforceability of a waiver, however, occupy a very circumscribed area of our jurisprudence.").

Section 2255 also requires that the district court hold a hearing on the petitioner's motion unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001). "[A]lthough a hearing may be warranted, 'that conclusion does not imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim[.]'" *Id*. (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)); *see also Gomez-Rodriguez v. United States*, No. 3:18-cv-00807 (VLB), 2020 WL 1430011, at *7 (D. Conn. Mar. 24, 2020) ("[T]he text of § 2255 provides that the Court need not conduct a hearing where 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.") (quoting 28 U.S.C. § 2255(b) (2014)).

## III.   DISCUSSION

### A.   18 U.S.C. § 3582(c)(2)

Under section 3582(c)(2), a convicted defendant is eligible for a sentence reduction if "(1) he has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered, and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "[A] district court has the discretion to deny relief where, upon review of the factors detailed in 18 U.S.C. § 3553(a), it determines that a reduction is unwarranted." *United States v. Arbaje-Diaz*, 699 F. App'x 42, 43 (2d Cir. 2017) (summary order) (citing *Dillon*, 560 U.S. at 826).

Mr. Delima argues that he is entitled to a two-level reduction of his current sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782. First Mot.

The Court disagrees.

Mr. Delima is not eligible for a sentence reduction under the amended sentencing guidelines. Section 2D1.1(c)(5) was "amended by striking 'Level 32' and inserting 'Level 30.'" U.S.S.G. Guidelines Manual: Supplement to Appendix C (2018). Mr. Delima's base offense level was 30, "based on the parties' agreement that the Guidelines equivalent of at least 1 kilogram but less than 3 kilograms of heroin is properly attributable to the defendant." Plea Agreement at 4. Mr. Delima's base level was reduced to a total offense level of 27 for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a sentencing range of 100 to 125 months. Plea Agreement at 4. And Mr. Delima received a sentence of 105 months, which falls within the sentencing range. *Id.*

Even if Mr. Delima was eligible for a reduction, the amendment would not "have the effect of lowering [his] applicable guideline range," U.S.S.G § 1B1.10(a)(2)(B), because the base offense level applied to him was 30 in accordance with the amendment. Plea Agreement at 4; *see also United States v. James*, 702 F. App'x 24, 26 n.3 (2d Cir. 2017) (noting that the amendment to § 2D1.1(c)(5) produced a base offense level of 30). His sentence therefore was within the applicable guideline range.

Accordingly, Mr. Delima's motion under 18 U.S.C. § 3582(c)(2) will be denied.

### B.  28 U.S.C. § 2255

Section 3B1.2 permits a decrease in a defendant's offense level: a defendant's offense level is reduced by two levels if he was a "minor participant in any criminal activity," four levels if a "minimal participant," and three levels if between those two categories. U.S.S.G. § 3B1.2. A

minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group," which may be evidenced by "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." U.S.S.G. § 3B1.2, cmt. n.4. A minor participant is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n.5.

In considering whether to apply the reduction, the Guidelines states that district courts should consider a non-exhaustive list of factors:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and
> (v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2 cmt. n.3(C). The Commission included this amendment, in part, to resolve a Circuit split over the meaning of "the average participant;" some Circuits—including this one—interpreted it as the average participant among "the universe of persons participating in similar crimes." *United States v. Soborski*, 708 F. App'x 6, 11 (2d Cir. 2017) (quoting *United States v. Rahman*, 189 F.3d 88 (2d Cir. 1999)).

The Supreme Court, as well as courts in this Circuit, have held that "unless the claim alleges a lack of jurisdiction or constitutional error . . . an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185

7

(1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *Graziano v. United States*, 83 F.3d 587, 589–90 (2d Cir. 1996) (per curiam) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)); *Gomez-Rodriguez*, 2020 WL 1430011, at *7 (D. Conn. Mar. 24, 2020) (denying petitioner's motion for minor role adjustment under section 2255 in part because petitioner "is asking for a 'do-over,' which, as should be clear from the caselaw cited above, is not available on collateral attack"); *United States v. Reed*, No. 3:16-cv-01356 (SRU), 2017 WL 5573151, at *6 (applying the fundamental defect standard to find that petitioner was not entitled to relief under section 2255); *United States v. Perez*, No. 08-cr-0039-06 (DLC), 2016 WL 4775536, at *1 (S.D.N.Y. Sept. 14, 2016) ("The Supreme Court has held that post-sentencing changes in policy do not support a collateral attack on the original sentence under § 2255." (citing *Addonizio*, 442 U.S. at 186-87)).

Mr. Delima seeks to reduce his sentence under 28 U.S.C. § 2255 by "assert[ing] eligibility under § 3B1.2's amendment 794" for a mitigating role adjustment for "being not as culpable as the other participants in the criminal activity." Second Mot. at 4. Mr. Delima relies on the Ninth Circuit decision, *United States v. Quintero-Leyva*, to argue that Amendment 794, which applies the mitigating role adjustment, is a clarifying amendment and therefore can be applied retroactively. *Id*. at 1-2.

The Court disagrees.

In *Quintero-Leyva*, the Ninth Circuit reversed and remanded the defendant's case by applying three factors to determine that the Amendment 794 mitigating role adjustment could be applied retroactively in direct appeals: "(1) whether the amendment is listed as a retroactive amendment in U.S.S.G. 1B1.10(c); (2) whether the amendment is characterized as a clarification;

and (3) whether the amendment resolves a circuit split." 823 F.3d 519, 522 (9th Cir. 2016) (citing *United States v. Christensen*, 598 F.3d 1201, 1205 (9th Cir. 2010)).

The Court notes that while *Quintero-Leyvas* may provide persuasive reasoning, it is not binding precedent in this Circuit. These factors have not been applied outside of the Ninth Circuit, although the reasoning of *Quintero-Leyva* has been invoked by defendants in this Circuit. Indeed, courts in this Circuit have focused instead on the high bar of Section 2255 and whether the sentencing constituted a fundamental defect. *See, e.g.*, *United States v. Hoskins*, 905 F.3d 97, 103 (2d Cir. 2018) (holding that it was an error to reduce defendant's sentence under § 2255 because "defendant [] failed to show on the record . . . that the original sentence, if allowed to stand, effects a miscarriage of justice"); *Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995) ("The burden therefore falls upon petitioners to demonstrate their entitlement to relief under § 2255 in this case based on an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." (internal quotation marks omitted) (quoting *Hardy v. United States*, 878 F.2d 94, 97 (2d Cir. 1989))); *Gomez-Rodriguez*, 2020 WL 1430011, at *5–6 (denying petitioner's Section 2255 motion because he failed to argue constitutional error, lack of jurisdiction, and did not bear the burden of showing a fundamental defect in his sentencing); *Reed*, 2017 WL 5573151, at *6–7 (denying petitioner's Section 2255 motion because "[a]fter considering the decisions by the Second Circuit and other Courts of Appeals, [the court] agree[d] that 'a defendant seeking to apply a post-sentencing clarifying amendment on collateral review must . . . demonstrate that the court's failure to consider his argument will result in a miscarriage of justice" (quoting *Cook v. United States*, Nos. 89-cr-346 (SWK), 03-civ-7922 (SWK), 2007 WL 3333068, at *9 (S.D.N.Y. Nov. 15, 2016))); *United States v. Dicks*, No. 3:06-cv-548 (DJS), 2006 WL 1438524, at *1 (D. Conn. May 23, 2006)

("Accordingly, [petitioner's] § 2255 petition fails because [petitioner] is not requesting relief for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect that results in a complete miscarriage of justice.").

Mr. Delima asserts neither lack of jurisdiction nor constitutional error, and makes no arguments that his present sentence, if allowed to stand, would amount to a fundamental defect by the sentencing court. Without explaining how he was a minor or minimal participant under § 3B1.2, Mr. Delima merely asserts eligibility "as being not as culpable as the other participants in the criminal activity." Second Mot. at 4; *see also Gomez-Rodriguez*, 2020 WL 1430011, at * 6 (denying petitioner's Section 2255 motion for a role adjustment because defendant failed to allege a fundamental defect in his sentencing or any facts supporting the argument that he had been a minor or minimal participant in a heroin distribution ring).

Nor does Mr. Delima argue that his sentence was "in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Mr. Delima received a sentence of 105 months, which falls near the low end of his sentencing range of 100 to 125 months. Plea Agreement at 4.

Mr. Delima rather seeks to relitigate his sentence, which is not permitted under Section 2255 in this Circuit. *Reed*, 2017 WL 5573151, at *5 ("The grounds provided [for relief] in section 2255 ... are narrowly limited, and it has 'long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment.'" (quoting *Addonizio*, 442 U.S. at 185)).

Accordingly, Mr. Delima's motion under 28 U.S.C. § 2255 will be denied.

### C.  Waiver of Appeal

The Second Circuit has routinely upheld appeal waivers, so long as they are knowingly, voluntarily and competently provided by the defendant. *See Gomez-Perez*, 215 F.3d at 318;

*United States v. Rosa*, 123 F.3d 94, 97 (2d Cir.1997) (citing *United States v.*

*Maher*, 108 F.3d 1513, 1531 (2d Cir.1997); *United States v. Jacobson*, 15 F.3d 19, 22–23

(2d Cir.1994); *United States v. Salcido–Contreras*, 990 F.2d 51, 53 (2d Cir.1993) (per

curiam); *United States v. Rivera*, 971 F.2d 876, 896 (2d Cir.1992)); *Felder v. United States*, 429

F.2d 534 (2d Cir.1970).

Mr. Delima is further ineligible for relief because he waived his right to appeal or to

attack his conviction and sentence collaterally. Plea Agreement at 4-5. This waiver, which Mr.

Delima "acknowledge[d] that he [] knowingly and intelligently waiv[ed]," precludes him from

collaterally attacking or challenging a "sentence imposed by the Court [that] does not exceed 125

months," and includes a specific reference to waiver of right to appeal under section 2255. Plea

Agreement at 4. ("The defendant agrees not to appeal or attack his conviction in any proceeding,

including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241.").

## IV.    CONCLUSION

For the reasons explained above, the Court **DENIES** the motions for sentence reduction.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of August, 2020.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge